UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE HODGE on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>CENTRAL CREDIT SERVICES, LLC,<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff STEPHANIE HODGE (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Sirotkin Varacalli & Hamra, LLP against Defendant CENTRAL CREDIT SERVICES, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt

allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its Corporate Headquarters located in Saint Charles, MO.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 15,

2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to FIRST PREMIER BANK; and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, for sending a collection letter which, among other things, fails to adequately inform and/or misleads the consumer regarding accrual of interest expenses.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are

        entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO STEPHANIE HODGE

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to April 15, 2017, an obligation was allegedly incurred by Plaintiff to FIRST PREMIER BANK.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. At a time known only to Defendant, FIRST PREMIER BANK, directly or through an intermediary, contracted Defendant to collect on alleged debt owned by FIRST PREMIER BANK.

18. This debt was purportedly transferred to Defendant from FIRST PREMIER BANK at a time only known to the Defendant for the purpose of collection.

19. In its effort to collect on same, Defendant contacted Plaintiff by written correspondence on April 15, 2017 (the "Collection Letter"). **(Exhibit A)**.

20. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

21. Said communication states that the creditor to whom the debt is owed is FIRST PREMIER BANK.

22. Said Communication further states that the Current Balance Due: $619.56 (the "Balance Due").

23. Said Communication further states, "Your balance may increase due to interest or other charges as permitted by law or in your original agreement."

24. Furthermore, the Collection Letter states "Total Interest Accrued Since Charge-off: **Not Applicable**."

25. As set forth in the following Counts, Defendant's communication violated the FDCPA.

### First Count
### VIOLATIONS OF THE FDCPA
### 15 U.S.C. §§ 1692g *et seq*

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28. One such requirement is that the debt collector provides "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

29. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

6

30. Defendant's Collection Letter sets forth a Principal balance of $619.56 (the "Balance Due").

31. Defendant's Collection Letter goes on to provide a breakdown of the debts owed as of the undefined "Charge-Off" date, which reads:

> "Total Due as of Charge-Off: $619.56
> Total Interest Accrued Since Charge-off: **Not Applicable**
> Total Non-Interest Charges or Fees Accrued Since Charge-off: **Not Applicable**
> Total Payments Made or Credits Applied Since Charge-Off: $0.00

32. Furthermore, the letter then goes on to state: "Your balance may increase due to interest or other charges as permitted by law or in your original agreement."

33. No additional "interest or other charges" may be assessed by the Defendant.

34. On the date the Collection Letter was sent out, no interest or late charges were currently accruing on the account.

35. The letter stated that the interest charged and the other fees, were "Not Applicable", yet goes on to state that Plaintiff's balance "may increase due to interest or other charges."

36. The letter fails to advise Plaintiff of the amount of potential late fees.

37. The letter fails to advise Plaintiff by how much the Balance Due will increase per day.

38. The letter fails to advise Plaintiff by how much the Balance Due will increase per month.

39. The letter fails to advise Plaintiff by how much the Balance Due will increase per any measurable period.

40. The letter, because of the aforementioned failures, would render the least

7

sophisticated consumer unable to determine the amount of his or her debt.

41. The additional paragraph in the Collection Letter, as quoted above, provides false information about the amount of debt owed.

42. The additional paragraph in the Collection Letter, as quoted above, states that the "interest or other charges" may be charged to her account and will increase her overall balance.

43. "Interest or other charges" cannot and will never increase her overall balance and therefore Plaintiff was misguided about the amount of debt she actually owed.

44. The additional paragraph in the Collection Letter, as quoted above, states that the "interest or other charges" may be charged to her account and will increase her overall balance.

45. The additional paragraph in the Collection Letter, as quoted above, leaves the least sophisticated consumer confused as to whether or not "interest or other charges" accumulated.

46. At the time of sending this Collection Letter, no interest was actually accruing on her account.

47. At the time of sending this Collection Letter, no "other charges" were actually accruing on her account.

48. For these reasons, Defendant failed to clearly state the amount of the debts.

49. For these reasons, the Collection Letter failed to unambiguously state the amount of the debt.

50. The least sophisticated consumer would be confused as to what she actually owes.

51. The least sophisticated consumer would be confused as to whether or not "interest or other charges" accumulated.

52. For these reasons, the Collection Letter would likely make the least sophisticated

consumer confused as to the amount of the debt.

53. For these reasons, the Collection Letter would likely make the least sophisticated consumer uncertain as to the amount of the debt owed.

54. Defendant violated 15 U.S.C. §1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

## Second Count
### 15 U.S.C. §1692e *et seq.*
### False or Misleading Representations

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "54" herein with the same force and effect as if the same were set forth at length herein.

56. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

58. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

59. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

60. Furthermore, Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection as to the status of a debt.

61. Defendant violated §1692e by falsely suggesting that immediate payment of the balance would benefit Plaintiff financially by stating that "Your balance may increase due to interest or other charges." As the account balance Defendant seeks to collect never varies from

9

the date of issuance of its Collection Letter, and Defendant never makes an adjustment due to the terms of the original credit agreement after it receives payment in the amount of the Collection Letter, the statement in its letter is false, deceptive and misleading.

62. Because the Collection Letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

63. The least sophisticated consumer would likely be deceived by Defendant's conduct.

64. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

65. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### Third Count
### 15 U.S.C. §1692e *et seq.*
### False or Misleading Representations

66. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "65" herein with the same force and effect as if the same were set forth at length herein.

67. Pursuant to 15 USC §1692g, a debt collector:

   (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, … shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
   (1) The amount of the debt;
   (2) The name of the creditor to whom the debt is owed;
   (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the

10

>debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>(4)     A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>(5)     A statement that, upon the consumer's written request within the thirty- day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

68.     Defendant violated 15 USC §1692g by failing to accurately state the balance of the debt by stating: "Your balance may increase due to interest or other charges as permitted by law or in your original agreement."

69.     As a result of Defendant's action, Plaintiff and the least sophisticated consumer could reasonably conclude that she must pay the balance stated in the letter immediately or a larger amount may possibly accrue and be owed as a result of interest and other charges, thus leaving her uncertain as to her rights.

70.     Furthermore, as a result of Defendant's action, Plaintiff and the least sophisticated consumer would not know the exact amount due and owing, as required by 15 USC §1692g(1), unless she paid the debt as of the date of the Collection Letter since the letter falsely implied that the amount due may increase as a result of the accrual of interest and other charges until the debt is fully paid.

71.     Defendant has failed to adequately set forth the language required by 15 U.S.C. § 1692g.

72.     Defendant has failed to clearly set forth the language required by 15 U.S.C. § 1692g.

73.     Defendant's conduct would likely make the least sophisticated consumer

uncertain as to his rights.

74.     Defendant's conduct would likely make the least sophisticated consumer confused as to his rights.

75.     Defendant has violated §1692g as the above-referenced language fails to clearly state the amount of the debt.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and

(b)     certifying Plaintiff as Class representative, and Salim Katach, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 27, 2017

                                                        Respectfully submitted,

                                                        */s/ Salim Katach*
                                                        By: Salim Katach, Esq.
                                                        Sirotkin Varacalli & Hamra, LLP
                                                        *Attorneys for Plaintiff*
                                                        110 East 59th Street, Suite 3200
                                                        New York, New York 10022

Phone: (646) 590-0571

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Salim Katach*
Salim Katach, Esq.

Dated: June 27, 2017